## Bryant et al. v. Kincher.
(Decided Dec. 3, 1935.)

S. F. BOWMAN and WILLIAMS & DENNY for appellants.

H. J. McCLURE and J. J. FELTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Between February 1 and April 1, 1935, Mrs. Lula Payne filed with the county board of education of Rockcastle county a written recommendation signed by the trustees of subdistrict No. 36, requesting her selection and appointment as teacher of the common school of the subdistrict for the 1935-1936 term. She was at that time the holder of a certificate qualifying her to teach the school, but it expired June 30, 1935. Hence, she had to obtain a certificate authorizing her to teach the school for the year and present it to the county board of education before she was eligible to begin the performance of her services as teacher. The school commenced July 22, at which time Mrs. Payne had not received a certificate authorizing her to teach it. The county board of education extended the time five weeks in which for her to obtain a certificate and produce and lodge it with the board. Goldie Race, in July, was employed temporarily to teach this five weeks because Mrs. Payne had not yet received a teacher's certificate. The second Saturday in each month was the time of the regular meeting of the board of education. At the expiration of the five weeks extended to Mrs. Payne in which to obtain and lodge with the board a teacher's certificate, the subdistrict trustee appeared before the board while it was in session and withdrew his recommendation of Mrs. Payne and lodged with it a recommendation of Anna Mae Kincher as teacher. The board granted the trustee permission to withdraw his recommendation of Mrs. Payne and to lodge with it the recommendation of Anna Mae Kincher.

On the 25th day of July, 1935, the subdistrict trustee signed a recommendation of Edith Allen as teacher of the school in subdistrict No. 36. She having been engaged to teach school in another district, did not lodge it with the board. Hence, only two recommendations were lodged with, or presented to, the board of education; Mrs. Payne's and Anna Mae Kincher's.

At the meeting of the board at which Mrs. Payne's recommendation was withdrawn by the subdistrict trustee, the board entered into a contract with Anna Mae Kincher to teach the school, which the county superintendent refused to sign. On her refusal to sign the contract of Anna Mae Kincher and the board, the superintendent recommended Goldie Race who was thereupon employed by the board to teach the school for the remainder of the school year.

Anna Mae Kincher filed this action to compel the superintendent to sign her contract and to enjoin Goldie Race from teaching the school. From an adverse judgment, the superintendent and Goldie Race appeal.

In part, section 4399-9, Baldwin's Supp. of Carroll's Kentucky Statutes 1934, reads:

"In the event of the rejection of the person or persons nominated, the subdistrict trustee or trustees shall nominate another person for the position or positions and the board of education may reject such nomination or nominations for cause, provided that the nomination for teachers shall be made in writing on or before the first day of April next preceding the beginning of the school year, and such nomination shall not be made before the first day of February.

"After a written recommendation has been filed with the county board of education, the subdistrict trustee shall not have authority to withdraw such recommendation except for legal cause or by permission of the county board of education; provided further that in case the subdistrict trustee withdraws his recommendation for cause or by permission of the county board of education, he shall make another recommendation on or before the subsequent regular meeting of the county board of education; and provided further that if the subdistrict trustee does not recommend a teacher

within the time set out in the law, the county board of education has authority to elect a teacher upon the recommendation of the county superintendent.''

The first sentence in this quotation is mandatory in its requirement that the subdistrict trustee shall nominate the teacher as stated therein, otherwise his right to do so terminates, and, then, ''the county board of education has the authority to elect a teacher upon the recommendation of the county superintendent.''

The county superintendent and Goldie Race contend that this construction of this sentence controls in the present case. If this sentence were not followed by the next one, their contention would be sound. The language of the next sentence clearly declares the subdistrict trustee's right to withdraw his recommendation for cause or by permission of the board, and when the same shall have been done in the manner and as therein provided, the right of the trustee to make another recommendation on or before the subsequent regular meeting of the board of education continues and exists, which cannot be defeated by any action of the county superintendent.

It is true that after the 22d day of July and before the meeting of the board in August, other regular meetings of the board were held, but at no one of them, and not until the August meeting, was the recommendation of Mrs. Payne finally acted upon by the board or withdrawn by the district trustee. The recommendation of Anna Mae Kincher was made at the same meeting at which the board declined to employ Mrs. Payne, because of her failure to obtain a certificate qualifying her to teach the school, and at which the subdistrict trustee withdrew her recommendation and presented Anna Mae Kincher's.

It is apparent, therefore, that the contention of the superintendent and Goldie Race is unsound and the circuit court correctly decreed.

Wherefore, the judgment is affirmed.